IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAMINI HAWN, | CASE NO. 5:12-cv-05014 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| JOHN McHUGH, Secretary of the Army, | [Docket Item No(s). 18] |
| Defendant(s). | |

## I.   INTRODUCTION

In this employment discrimination action, Plaintiff Kamini Hawn alleges she was improperly terminated on July 10, 2009, from her employment as a Hindi language instructor at the Defense Language Institute located in Monterey, California. On September 26, 2012, Plaintiff filed a Complaint against Defendants Defense Language Institute and the Department of the Army asserting, it seems, violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) et. seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., and 42 U.S.C. § 1983.  See Compl., Docket Item No. 1.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is a Motion to Dismiss the Complaint filed by John McHugh, Secretary of the Army ("Defendant"), pursuant to subsections (b)(1) and (b)(6) of Federal Rule of Civil Procedure 12. See Docket Item

Case No. 5:12-cv-05014 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

No. 18. Plaintiff filed written opposition to the Motion.[1] See Docket Item No. 25. The court found this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the associated motion hearing. See Docket Item No. 30.

Having now carefully reviewed this matter, the court has determined that Defendant's arguments in favor of dismissal have merit. Accordingly, the Motion will be granted for the reasons explained below.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

---

[1] After filing a timely opposition the Motion to Dismiss on February 20, 2013, Plaintiff filed a subsequent document after Defendant filed a reply - which she also terms an "opposition" - on March 27, 2013. See Docket Item No. 27. The Civil Local Rules do not allow for subsequent oppositions of this sort, nor did Plaintiff seek leave to file the document before doing so. See Civ. L. R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval . . . ."). Plaintiff's unrepresented status is no excuse for such an obvious violation. Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986) (stating that a pro se party is "expected to abide by the rules of the court in which he litigates."). Defendant's objection to the subsequent opposition is therefore well-taken, and the request to strike the document as untimely is GRANTED.

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.    DISCUSSION

**A.    Primary Issues**

The court addresses certain initial matters because their resolution assists in framing the remaining analysis.

First, it is important to note that the proper defendant in an employment discrimination case under either Title VII or the ADEA is the head of the employee's agency. Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986). In this case, that individual is the Secretary of the Army. As a result, Plaintiff cannot state a claim against the presently-named defendants, Defense Language Institute and the Department of the Army. Those entities will therefore be dismissed from this action. See Wilson v. Donovan, No. C 10-05950 MEJ, 2011 U.S. Dist. LEXIS, at *13, 2011 WL 1884338 (N.D. Cal. May 18, 2011).

Second, certain claims suggested in the Complaint cannot be asserted against a federal defendant or an individual federal employee based on the present allegations. To the extent Plaintiff

has asserted any such claim, "section 1983 requires that the actionable conduct be under color of *state* law." Gibson v. United States, 781 F.2d 1334, 1343 (9th Cir. 1986) (emphasis added). "Federal officers acting under federal authority are immune from suit under section 1983 unless the state or its agents significantly participated in the challenged activity." Id. Here, there are no facts alleged that would implicate the involvement of the state or its agents. In addition, "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)." Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981). Accordingly, any claim asserted under § 1983 or any claim based on "lies" or misrepresentation against an individual federal employee will be dismissed without leave to amend. See, e.g., Compl., at p. 3:8-9 ("Plaintiff is informed and believes that she was discriminated against based on the lies by Dean Franke."); p. 3:19-21 ("[P]laintiff was let go because of lack of students enrolling in the Hindi department, which is another false statement."); p. 4:1 ("Plaintiff was lied to again and again."); p. 5:10 ("Plaintiff was has [sic] been discriminated, misled and lied to by the Dean Franke.").

Third, Plaintiff's invocation of Title VII as a legal basis for her claims appears misplaced. Id., at p. 6:7. Title VII "proscribes various employment practices involving discrimination on the basis of 'race, color, religion, sex, or national origin.'" EEOC v. Fed. Express Corp., 558 F.3d 842, 849 (9th Cir. 2009). But in the Complaint, Plaintiff alleges "she was discriminated against based on age (40+)." See Compl., at p. 3:33-34. As indicated, Title VII does not prohibit discrimination based on age. Thus, any claim asserted under Title VII is also dismissed.

**B.    Claim for Age Discrimination**

What remains is a claim under the ADEA. Defendant argues that Plaintiff's claim for age discrimination is time-barred as plead. The court agrees.

Under the ADEA, an aggrieved employee has two alternative paths to federal court. The first path requires the employee to provide the Equal Employment Opportunity Commission ("EEOC") notice of the alleged discriminatory act within 180 days, and then give notice of an intent to sue at least thirty days before commencing an action in court. See 29 U.S.C. §§ 633a(c), (d). On the second path, "an employee invokes the EEOC's administrative claims process, and then may

4
Case No. 5:12-cv-05014 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

appeal any loss therein to the federal court." Whitman v. Mineta, 541 F.3d 929, 932 (9th Cir. 2008) (citing 29 U.S.C. §§ 633a(b), (c)). Subsequent to an adverse decision, any ensuing federal complaint must be filed within ninety days from the EEOC's issuance of a right-to-sue letter. O'Donnell v. Vencor Inc., 466 F.3d 1104, 1110 (9th Cir. 2006) (citing 29 U.S.C. § 626(e)).

Here, the Complaint reveals that Plaintiff chose the second path by invoking and completing the administrative process with the EEOC. See Compl., at p. 3:4-7 ("Plaintiff has exhausted all of her administrative remedies by petition to the Merit System Protection Board petition # SF-1221-10-0374-B-2 and SF-0752-12-02381-1-1[2] and Equal Employment Opportunity Commission petition APRPOM9AUG03444."). The EEOC issued a Final Agency Decision ("FAD") and right-to-sue notice on April 21, 2010,[3] which advised Plaintiff of the 90-day period within which to file an action in district court. See Decl. of Ischa W. Donahue, Docket Item No. 20, at Ex. A. Plaintiff did not initiate this case until September 26, 2012, more than 2 years later. Accordingly, Plaintiff's claim for age discrimination is time-barred based on the present allegations. The motion to dismiss the ADEA claim will therefore be granted.

### C. Leave to Amend

The court must now decide whether the dismissal of the age discrimination claim should be with or without leave to amend. Certain considerations are relevant on this issue.

---

[2] The Merit Systems Protection Board ("MSPB") issued a final decision on at least one of Plaintiff's administrative proceedings on September 13, 2012. See Docket item No. 25. The court takes judicial notice of this document. See Lee, 250 F.3d at 688-69; see also Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207, n. 5 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts and administrative agencies.").

Plaintiff's filings suggest that she may be relying on this MSPB decision as evidence that the instant claims were timely-filed. Such reliance is misplaced however, for two reasons. First, the documents submitted by Plaintiff indicate that age discrimination claims were not raised in that particular proceeding. Rather, that action was based on reprisal for whistleblowing activity in violation of 5 U.S.C. § 2302(b)(8). Thus, while this case was filed approximately two weeks after the September 13th MSPB decision, it cannot render timely Plaintiff's age discrimination claims. See EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994).

Second, the United States Court of Appeals for the Federal Circuit - not the district court - has exclusive jurisdiction over final decisions of the MSPB involving whistleblowing activity. 5 U.S.C. § 7703(b).

[3] The court also takes judicial notice of the FAD.

"Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010) (internal citation and quotation marks omitted). While it appears the age discrimination claim is likely time-barred, it is nonetheless true that "[t]he ninety-day period within which to file a civil action after dismissal of the charge by the EEOC is a statute of limitations subject to the doctrine of equitable tolling." Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997); O'Donnell v. Vencor Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). Thus, untimely ADEA actions may still proceed under particular circumstances, and an untimely complaint like this one *could* survive dismissal with allegations supporting equitable tolling.

In addition, the court understands that Plaintiff is proceeding without an attorney, requiring the court to liberally construe Plaintiff's written submissions when appropriate. See Taufiq Moh Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir. 2002). It is appropriate to do so here because Plaintiff did not directly address equitable tolling in either the Complaint or the opposition to this motion. The court will allow Plaintiff the opportunity to provide additional allegations on this subject.

## IV. ORDER

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED. To the extent not otherwise noted above, the Complaint is DISMISSED WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **August 23, 2013**, and must conform to the discussion contained in this Order. Plaintiff is advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action without further notice. Plaintiff is further advised that she may not add new claims or parties without first obtaining Defendant's consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

Because the Complaint is presently dismissed in its entirety, the court declines to set a case

management schedule at this time. However, the court will address scheduling issues as raised by the parties should it become necessary.

**IT IS SO ORDERED.**

Dated: July 29, 2013



_____
EDWARD J. DAVILA
United States District Judge

Case No. 5:12-cv-05014 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS