1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                           SAN JOSE DIVISION

10   KAMINI HAWN,                         CASE NO. 5:12-cv-05014 EJD

11                                        **ORDER GRANTING DEFENDANTS'**
                  Plaintiff(s),          **MOTION TO DISMISS**
12        v.

13   JOHN McHUGH, Secretary of the Army,  [Docket Item No(s). 35]

14
                  Defendant(s).
15   _____/

16                          **I.   INTRODUCTION**

17        In this employment discrimination action, Plaintiff Kamini Hawn ("Plaintiff") alleges she

18   was improperly terminated on July 10, 2009, as a Hindi language instructor at the Defense Language

19   Institute located in Monterey, California, due to her age.  In a Complaint filed September 26, 2012,

20   Plaintiff originally asserted violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

21   2000e et. seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., and

22   42 U.S.C. § 1983 against then-defendants Defense Language Institute and the Department of the

23   Army (the "Department").

24        Defendant John McHugh, Secretary of the Army ("Defendant"), moved to the dismiss the

25   original Complaint pursuant to subsections (b)(1) and (b)(6) of Federal Rule of Civil Procedure 12.

26   See Docket Item No. 18.  The court found Defendant's arguments meritorious, granted the motion to

27   dismiss and dismissed all of Plaintiff's claims, mostly without leave to amend.  See Docket Item No.

28   32.  The one exception was the ADEA claim, which was dismissed with leave to amend in order to

**United States District Court**
For the Northern District of California

1

allow Plaintiff an opportunity to plead equitable tolling.  Id.  Plaintiff then filed a First Amended

Complaint ("FAC") on August 22, 2013, which now asserts one age-based claim of discrimination

under the ADEA against Defendant.  See Docket Item No. 34.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331.  Presently before the court is

Defendant's Motion to Dismiss the FAC, again brought under Federal Rules of Civil Procedure

12(b)(1) and (b)(6).  See Docket Item No. 35.   The court has carefully considered all of the

documents filed by both parties in relation to this matter.[1]  Such consideration reveals that the

ADEA claim is time-barred and Plaintiff has not alleged facts sufficient to support an equitable

exception.

Accordingly, the court finds this matter suitable for decision without oral argument pursuant

to Civil Local Rule 7-1(b).  The hearing scheduled for January 24, 2014, will therefore be vacated.

For the reasons explained below, Defendant's Motion to Dismiss will be granted and the FAC

dismissed without further leave to amend.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or

factual.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  A facial 12(b)(1) motion involves

an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits

the court to look beyond the complaint to extrinsic evidence.  Id.  When a defendant makes a facial

challenge, all material allegations in the complaint are assumed true, and the court must determine

whether lack of federal jurisdiction appears from the face of the complaint itself.  Thornhill Publ'g

Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).  "A party invoking the federal court's

jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson

v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

### B.   Federal Rule of Civil Procedure 12(b)(6)

---

[1] Because Plaintiff is proceeding without legal representation, the court has afforded her
pleadings the deference and latitude required under the circumstances.  See Abassi v. INS, 305 F.3d
1028, 1032 (9th Cir. 2002).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

2    specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

3    rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

4    complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

5    upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

6    appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

7    cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.

8    2008).  The factual allegations "must be enough to raise a right to relief above the speculative level"

9    such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.

10    When deciding whether to grant a motion to dismiss, the court generally "may not consider

11    any material beyond the pleadings."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

12    1542, 1555 n. 19 (9th Cir. 1990).  The court must generally accept as true all "well-pleaded factual

13    allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged

14    facts in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th

15    Cir. 1988).  However, the court may consider material submitted as part of the complaint or relied

16    upon in the complaint, and may also consider material subject to judicial notice.  See Lee v. City of

17    Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).  "[Material which is properly submitted as part

18    of the complaint may be considered."  Twombly, 550 U.S. at 555.  But "courts are not bound to

19    accept as true a legal conclusion couched as a factual allegation."  Id.

20    **III.    DISCUSSION**

21    As it did before, the court begins this discussion with the process governing ADEA claims.

22    Under the statutory scheme, an aggrieved employee has two alternative paths to federal court.  The

23    first path requires the employee to provide the Equal Employment Opportunity Commission

24    ("EEOC") notice of the alleged discriminatory act within 180 days, and then give notice of an intent

25    to sue at least thirty days before commencing an action in court.  See 29 U.S.C. §§ 633a(c), (d).  On

26    the second path, "an employee invokes the EEOC's administrative claims process, and then may

27    appeal any loss therein to the federal court."  Whitman v. Mineta, 541 F.3d 929, 932 (9th Cir. 2008)

28    (citing 29 U.S.C. §§ 633a(b), (c)).  Subsequent to an adverse decision, any ensuing federal complaint

3

1  must be filed within ninety days from the EEOC's issuance of a right-to-sue letter. O'Donnell v.

2  Vencor Inc., 466 F.3d 1104, 1110 (9th Cir. 2006) (citing 29 U.S.C. § 626(e)).

3      In connection with Defendant's prior Motion to Dismiss, the court found based on

4  documents subject judicial notice that Plaintiff chose the second path in pursuing her ADEA claim

5  and that the EEOC issued a Final Agency Decision ("FAD") and right-to-sue notice to Plaintiff on

6  April 21, 2010. See Docket Item No. 32 (citing Decl. of Ischa W. Donahue, Docket Item No. 20, at

7  Ex. A. The FAD advised Plaintiff of the 90-day period within which to file an action in district

8  court. Id. Since Plaintiff did not initiate this case until September 26, 2012 - more than 2 years later

9  - Plaintiff's claim for age discrimination was time-barred and subject to dismissal. Id.

10     Plaintiff does not dispute that finding in her recent filings. Indeed, she implicitly

11  acknowledges this district court action was initiated well after expiration of the 90-day filing

12  deadline and has attached a portion of the FAD dated April 21, 2010, to the FAC. Under these

13  circumstances, and for the same reasons as it did before, the court again finds that the ADEA claim

14  is presumptively time-barred and subject to dismissal.

15     But that does not end the matter, because Plaintiff seeks to avoid this conclusion through the

16  invocation of equitable principles, and in particular, equitable tolling. In the prior dismissal order,

17  the court recognized that the 90-day deadline to institute court action subsequent an adverse agency

18  determination "is a statute of limitations subject to equitable tolling in appropriate circumstances"

19  and provided Plaintiff an opportunity to show that such "appropriate circumstances" exist here.

20  Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1174 (9th Cir. 1986). Doing so is not such an easy task,

21  though, since "appropriate circumstances" justifying application of the doctrine are rare. Nelmida v.

22  Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997) ("Equitable tolling is . . . to be applied only

23  sparingly."). In general, there are two scenarios that will justify its application: (1) "where the

24  claimant has actively pursued his judicial remedies by filing a defective pleading during the

25  statutory period," or (2) "where the complainant has been induced or tricked by his adversary's

26  misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S.

27  89, 96 (1990).

28     Neither of those two scenarios are presented here. As to the first, Plaintiff does not allege

United States District Court
For the Northern District of California

4

<div style="writing-mode:vertical">United States District Court<br/>For the Northern District of California</div>

1   facts that show she actively pursued an age discrimination claim through a timely yet defective

2   filing.  To the contrary, Plaintiff states in the FAC that she instead made a tactical decision to *not*

3   actively pursue an age discrimination charge in district court in favor of other cases addressing

4   different claims before the Merit Systems Protection Board ("MSPB").[2]  See FAC, at 1:23-25 ("The

5   actual situation was that I was pursuing my case with MSPB to address my concern; therefore I

6   thought it will not be appropriate to follow the case in two different courts about the similar

7   complaints."); 3:2-3 ("I understand that I may not have adopted appropriate court procedure which is

8   purely based upon my personal judgment to follow the case with MSPB . . . .").

9           Nor has Plaintiff demonstrated that she was induced or tricked by some form of misconduct

10  on Defendant's part.  Plaintiff's contention that the Department's legal representative did not advise

11  her to continue pursuing her age discrimination claim during the MSPB proceedings does not

12  amount to misconduct because he had no obligation or duty to assist an opposing party in that way.

13  In addition, it is not apparent that Plaintiff was misled into allowing the 90-day deadline to pass

14  during negotiations that resulted in an initial settlement of one of the MSPB cases.  Although

15  Plaintiff indicates that the settlement was ultimately set-aside "due to misrepresentation of the facts"

16

17  ───────────

18      [2] The court takes judicial notice of the two final MSPB decisions issued to Plaintiff on August 1, 2012, and September 13, 2012, in case numbers SF-0752-12-0238-I-1 and SF-1221-10-0374-B-2, as well as the Petitions for Review which resulted in those decisions, all of which are attached to the Declaration of Curtis L. Heidtke (Docket Item No. 36) as Exhibits 1 through 4.  See Lee, 250 F.3d at 688-69; see also Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207, n. 5 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts and administrative agencies."); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record.").  All of these documents show that the cases before the MSPB were not "mixed cases" such that their resolution in 2012 would render this discrimination case timely-filed because Plaintiff did not raise age discrimination in those cases.  See Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir. 1993) ("A 'mixed case' . . . is one which involves both a personnel action normally appealable to the MSPB and a claim of discrimination.").  The documentation cited by Plaintiff is not inconsistent with this observation since it shows, if anything, that Plaintiff may have raised retaliation for whistleblowing activity before both the EEOC and the MSPB.  See, e.g., Agency Resp. to Appellant's Req. for Produc. of Disc. Docs., Docket Item No. 39 ("The appellant agrees that her EEO case and MSPB case are based on exactly the same underlying facts.  When I asked why she filed her *whistleblower case*, she said she just moved it over to the Merit Board since she preferred that.").  The court, therefore, does not accept Plaintiff's representation that an age discrimination claim was raised before the MSPB.  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) (holding that, in ruling on a motion to dismiss, the court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice.").

CASE NO. 5:12-cv-05014 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court

For the Northern District of California

1  by the Department, the settlement agreement itself,[3] as attached to Plaintiff's opposition, reveals two

2  important facts: (1) that, by the time the agreement was finalized on August 30, 2010, the 90-day

3  deadline had already expired ("The EEOC case is final and not subject to appeal by [Plaintiff].") and

4  (2) Plaintiff was represented by counsel, at least in connection with the MSPB cases.  That second

5  fact alone would foreclose any application of equitable tolling here, considering Plaintiff and her

6  attorney must have been aware of the filing deadline since it was referenced in the settlement

7  agreement they both signed.[4]  See Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1050 (9th Cir.)

8  ("[O]nce a claimant retains counsel, tolling ceases because she has gained the means of knowledge

9  of her rights and can be charged with constructive knowledge of the law's requirements.").  But the

10  first fact is equally important because it shows that a set-aside of the settlement agreement for

11  whatever reason would not have resulted in a reinstatement of the already-expired filing deadline.[5]

12      Because Plaintiff has not plead facts which would support application of an equitable

13  exception of the 90-day filing deadline prescribed by the ADEA, the court must conclude that her

14  age discrimination claim is time-barred.  Defendant's Motion to Dismiss will be granted on those

15  grounds, without further leave to amend, since allowing Plaintiff another opportunity to plead a

16  timely discrimination claim would be futile (see Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th

17  Cir. 1988)), and the court is without jurisdiction to entertain any challenge to the MSPB decisions.

18  See 5 U.S.C. § 7703(b).

19                              **IV.   ORDER**

20      Based on the foregoing, Defendant's Motion to Dismiss is GRANTED and Plaintiff's claim

21  for age discrimination under the ADEA is DISMISSED WITHOUT LEAVE TO AMEND.

22      The hearing scheduled for January 24, 2014, is VACATED.  Since this results in a final

23

24      [3] The court also takes judicial notice of the Settlement Agreement.

25      [4] This fact also reinforces the conclusion that Plaintiff's choice to pursue the MSPB actions
26  instead of the discrimination claim was a conscious decision on her part, rather than a mistake.

27      [5] The lack of facts amounting to deception same would preclude application of equitable
    estoppel to the extent Plaintiff has attempted to raise that doctrine.  See Lukovsky v. City & County
28  of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (explaining that equitable estoppel requires
    some form of "fraudulent concealment.").

6

1  resolution of this action, judgment will be entered in favor of Defendant.  The clerk shall close this

2  file.

3  **IT IS SO ORDERED.**

4

5  Dated:  January 21, 2014

   EDWARD J. DAVILA
6  United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

7